Micropicture International, Inc. v. Kickartz　　　　　　　　　　　　　　　　　　　　　　Doc. 4

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 25 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| MICROPICTURE INTERNATIONAL, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> JOSEF A. KICKARTZ; <br> ROLF LINNEMANN, <br><br> *Defendants.* | CIVIL ACTION NO. 3:05-CV-00034 <br><br><br> MEMORANDUM OPINION <br><br><br><br> JUDGE NORMAN K. MOON |

  The above-captioned matter is before the Court on Defendant's Notice and Petition for Removal, filed July 8, 2005. Defendant asserts that he is entitled to removal under 28 U.S.C. § 1441 on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a), but he has not properly demonstrated that this Court has diversity jurisdiction. The burden to demonstrate the propriety of removal is on the party seeking to invoke jurisdiction. 28 U.S.C. § 1446(a) (1994).

  First, Defendant has failed to join the co-defendant, Josef A. Kickartz, in the Notice and Petition for Removal. It is well settled that, with few exceptions, all defendants who may properly join in the removal notice *must* join. *See, e.g., Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in the removal notice with the exception of nominal parties."); *Johnson v. Baltimore City Police Dep't*, 757 F. Supp. 677, 679 (D. Md. 1991) ("[28 U.S.C. § 1446] has been interpreted to require all served defendants, except nominal parties, to join in or consent to the removal petition within 30 days of service."); *see* 28 U.S.C. §

1446(a). Furthermore, "where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999); *see also Black & Decker, Inc. v. Twin City Fire Ins. Co.*, No. HAR 92-3352, 1993 U.S. Dist. LEXIS 2838, *4 (D. Md. Feb. 9, 1993) (". . . the burden rests with the petitioning defendants to establish the propriety of proceeding in federal court without unanimous defendant consent. The failure to affirmatively and correctly explain the absence of a co-defendant renders the removal petition deficient."). Therefore, Defendant's attempt to remove without joining Josef A. Kickartz or explaining Kickartz's absence is flawed. Defendant must join his co-defendant or affirmatively plead why joinder without th co-defendant is proper in order for the Notice and Petition for Removal to be sufficient.

Second, Defendant has failed to allege the citizenship of Josef A. Kickartz. Pursuant to 28 U.S.C. § 1332, a party alleging jurisdiction based on diversity of citizenship clearly must state the citizenship of all parties involved in the action. The absence of an allegation of Defendant Kickartz's citizenship also has made the Notice and Petition for Removal inadequate. Defendant must correctly plead the citizenship of all parties in order to properly request removal based on diversity jurisdiction.

Third, Defendant has failed to identify the principle place of business of Plaintiff MicroPicture International, Inc. For diversity purposes, a corporation has dual citizenship—it is deemed a citizen of any state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (1993). Therefore, Defendant's allegation that MicroPicture International, Inc., "is a corporation incorporated under the laws of the State of Delaware" is insufficient for the purposes of pleading diversity jurisdiction. In order to properly

allege the citizenship of MicroPicture International, Inc., Defendant must aver the location of its principal place of business as well as its state of incorporation.

Finally, Defendant has failed to allege the existence of diversity at the time the action commenced and at the time the Defendant filed the Notice and Petition for Removal. Defendant has merely alleged that diversity exists without temporal specificity. For removal purposes, diversity must exist both at the time that the action commences and at the time that the defendant files a notice of removal. *See, e.g., Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001); *United Food Local 919 v. Centermark Properties*, 30 F.3d 298, 301 (2d Cir. 1994). Therefore, in a notice of removal, the defendant must allege the existence of diversity jurisdiction at both of these periods. *See Hubbard v. Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985); *Western Reserve Life Assur. Co. of Ohio*, 570 F. Supp. 8, 10 (M.D. Tenn. 1983).

Accordingly, Defendant has failed to properly allege any basis upon which this Court has jurisdiction and is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction. The filing by Defendant of an amended Notice and Petition for Removal that properly establishes federal subject matter jurisdiction by alleging the citizenship of all parties and by joining his co-defendant or explaining the co-defendant's absence will be deemed responsive to this Order. If Defendant adequately demonstrates cause for jurisdiction within the requisite time period, the Court will then conduct a hearing to consider Defendant's defenses under Rule 12(b)(2), 12(b)(3), and 12(b)(4) of the Federal Rules of Civil Procedure and motion for sanctions as set forth in Defendant's Special Appearance, Plea in Bar, Motion to Dismiss and Motion for Sanctions filed in the Circuit Court for Louisa County, Virginia.

An appropriate Order shall ensue.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to all counsel of record.

ENTERED: /s/ *signature*
U.S. District Judge

July 25, 2005
Date